**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ELEAZAR ESPINOZA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )      **Case No. 03-cv-0552-MJR** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

### <u>MEMORANDUM and ORDER</u>

**REAGAN, District Judge:**

### A. <u>Introduction</u>

Before this Court is plaintiff Eleazar Espinoza's motion to vacate, set aside or correct his sentence pursuant to **28 U.S.C. § 2255** (Doc. 1).  Having carefully considered the evidence and arguments presented by Espinoza and the Government, the Court **DENIES** Espinoza's § 2255 petition for the reasons that follow.

### B. <u>Procedural Background</u>

On November 15, 2000, a grand jury returned an indictment against Eleazor Espinoza and his co-defendant Jose Martin Alvarado (*See* United States v. Espinoza, No. 00-CR-30212-MJR (S.D. Ill. filed Nov. 6, 2000)). The indictment charged Espinoza with knowingly and intentionally possessing with intent to distribute crack cocaine, in violation of **21 U.S.C. § 841(a)(1)**.

Before pleading guilty, Espinoza attempted a proffer with the Government, where the information he presented was compared with the information from his arrest.  The differences between the two indicated that Espinoza was not being entirely truthful.  Accordingly, the government was not satisfied with the proffer and refused to accept it.  Espinoza did not request or

1

attempt a second proffer.

On February 1, 2001, Espinoza entered an open plea of guilty to the charged offense. During the plea colloquy, this Court advised Espinoza of the maximum as well as the minimum mandatory penalties he faced and clearly informed him that because the government had filed an information charging a prior offense, his minimum mandatory penalty could be doubled. *Transcript of Change of Plea* ("C.P. Tr.") at 6-7. This Court informed Espinoza that his sentence might be longer or shorter than any estimate he had been given, and also informed him of the rights he was waiving. *Id.* at 11-13. Espinoza indicated that he understood this information. *Id.* at 12-13.

At sentencing, May 21, 2001, both parties presented testimony regarding whether Espinoza was truthful and forthcoming during his proffer. This Court found that Espinoza had not completely and truthfully provided all the information concerning the offense. Accordingly, the Court denied Espinoza's motion for sentence reduction under the safety valve and sentenced Espinoza to the minimum mandatory sentence of 240 months pursuant to **21 U.S.C. § 841(b)(1)(A).**

Espinoza appealed to the Seventh Circuit, claiming that this Court erred when determining that he was ineligible for a safety valve sentence reduction. The Seventh Circuit found that Espinoza's testimony had a number of inconsistencies, and on February 26, 2002, affirmed this Court's ruling that Espinoza did not merit safety valve relief. ***See United States v. Espinoza,* 39 Fed. Appx. 325 (7th Cir. 2002).** Espinoza filed for writ on July 29, 2002, and the Supreme Court denied that request on October 15, 2002.

Subsequently, on August 28, 2003, Espinoza filed the motion to vacate, set aside or correct his sentence pursuant to **28 U.S.C. § 2255** that is now before this Court (Doc. 1). The Government filed its response on June 23, 2005 (Doc. 14), and this Court received Espinoza's reply

2

on September 2, 2005 (Doc. 17).  On September 8, 2005, the Court found that an evidentiary hearing

on Espinoza's § 2255 petition was warranted and conducted that hearing on January 10, 2006.

## C. <u>Analysis</u>

**28 U.S.C. § 2255** authorizes a federal prisoner to ask the court which sentenced him

to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the

Constitution or laws of the United States, or ... the court was without jurisdiction to impose such

sentence, or ... the sentence was in excess of the maximum authorized by law...."

Relief under § 2255 is limited.  Unlike a direct appeal, in which a defendant may

complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the

sentencing court's jurisdiction or are otherwise "of constitutional magnitude." ***Broadway v. United

States*, 104 F.3d 901, 903 (7th Cir. 1997).  *Accord Corcoran v. Sullivan*, 112 F.3d 836, 837 (7th

Cir. 1997)(§ 2255 relief is available only to correct "fundamental errors in the criminal

process").**

The United States Court of Appeals for the Seventh Circuit has explained that § 2255

relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a

fundamental defect which inherently results in a complete miscarriage of justice." ***Harris v. United

States*, 366 F.3d 593, 594 (7th Cir.  2004).  *Accord Borre v. United States*, 940 F.2d 215, 217 (7th

Cir. 1999).**

Espinoza asserts four bases for relief in his § 2255 petition and supplement: (1) his

due process and Sixth Amendment rights were violated when facts supporting his sentence

enhancement were not proven beyond a reasonable doubt; (2) his due process rights were violated

by an unlawful search during the traffic stop leading up to his arrest; (3) he received ineffective

assistance of trial counsel; and (4) he received ineffective assistance of appellate counsel.  The Court will consider each of these arguments in turn.

### *Espinoza's Assertion that His Sentence Violated His Sixth Amendment Rights*

Espinoza argues that his sentence violated his Sixth Amendment right to a jury trial because his prior conviction – which increased his mandatory sentence from ten years to twenty years – was not proven beyond a reasonable doubt. For support, Espinoza cites ***Blakely v. Washington,* 542 U.S. 296 (2004)**.

However, because Espinoza is arguing that his sentencing under the United States Sentencing guidelines violated the Sixth Amendment, his claim is really a claim under ***United States v. Booker,* 543 U.S. 220 (2005)**.  As the Seventh Circuit recently has explained, "*Blakely* reserved decision about the status of the Federal Sentencing Guidelines ... *Booker* itself represents the establishment of a new rule about the federal system." ***McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005)***.

***Booker,*** however, "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." ***Id.***  Espinoza's case became final on October 15, 2002, when the Supreme Court denied his request for Writ of Certiorari. Accordingly, pursuant to ***McReynolds,*** Espinoza's cannot raise claims based on ***Booker*** or ***Blakely.***

### *Espinoza's Assertions Regarding the Search and Seizure Resulting in His Arrest*

Espinoza asserts that the search and seizure conducted on November 4, 2000 resulting in his arrest was illegal and violated his constitutional rights to due process.  Specifically, Espinoza argues that the officer who conducted the search did not have probable cause to do so and was not given valid consent.  In response, the Government asserts that Espinoza cannot challenge on

collateral appeal that the search and seizure was illegal, as he waived his right to do so when entering his plea.

According to the Seventh Circuit, "a guilty plea constitutes a waiver of non-jurisdictional defects occurring prior to the plea" and that waiver "includes Fourth Amendment claims." *United States v. Cain,* **155 F.3d 840, 842 (7th Cir. 1992).**  In order to preserve an issue for appeal, "the plea must precisely identify the pretrial issues which the defendant wishes to preserve for review ...." *Id.*  Although the preservation of an issue for appeal need not be in writing, a thorough review of Espinoza's plea transcript provides no evidence that Espinoza meant to condition his plea on the right to challenge the constitutionality of the search and seizure.

Before accepting Espinoza's plea, this Court engaged in a lengthy colloquy with Espinoza to ensure that he understood that, by entering his plea, he was waiving certain rights. C.P. Tr.at 12.  During this colloquy, Espinoza indicated repeatedly that he understood the rights he was waiving. *Id.* at 12-13.  Nevertheless, although Espinoza preserved *other* issues for review, neither he nor his attorney made any statement showing an intent on Espinoza's part to preserve the suppression issue.  Consequently, Espinoza waived his right to a review of his Fourth Amendment claims upon entering his plea.

As a result, Espinoza is barred from raising suppression issues in this proceeding unless he can show good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims. *See Reed v. Farley,* **512 U.S. 339, 354-55 (1994).** In the present matter, Espinoza attributes his failure to preserve these claims to the ineffective assistance of his trial and appellate counsel.  The Court will consider that assertion below, along with Espinoza's other claims of ineffective assistance of counsel.

***Espinoza's Claims of Ineffective Assistance of Counsel***

The remainder of Espinoza's arguments are ineffective assistance of counsel claims regarding both his trial and appellate counsel. Claims of ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." ***Massaro v. United States,*** **538 U.S. 500, 504 (2003).**

Under the law of this Circuit, because counsel is *presumed* effective, a party "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." ***United States v. Trevino,*** **60 F.3d 333, 338 (7th Cir. 1995).** To succeed, the defendant/§ 2255 petitioner must show that his counsel's performance fell below an *objective* standard of reasonableness <u>and</u> that this deficient performance so prejudiced his defense that he was deprived of a fair trial. ***Id., citing Strickland v. Washington***, **466 U.S. 668, 688-94 (1984).**

Stated another way, under the ***Strickland*** test, the defendant must show that his counsel's actions were not supported by a reasonable strategy, and that the error was prejudicial. ***Massaro,*** **538 U.S. at 501.**

The first prong of the ***Strickland*** test, called the "performance prong," calls for the defendant to direct the Court to specific acts or omissions forming the basis of his claim. ***Trevino,*** **60 F.3d at 338, citing *Strickland*.** The Court then must determine whether, in light of all the circumstances, those acts or omissions fell "outside the wide range of professionally competent assistance." ***Id.*** While making this assessment, the Court must be "mindful of the strong presumption that counsel's performance was reasonable." ***Id.*** ***Accord Fountain v. United States***, **211 F.3d 429, 434 (7th Cir. 2000)(counsel is *presumed* effective, and court must bear this in**

mind when determining whether the allegedly deficient actions of counsel "were outside the wide range of professionally competent assistance").

If the defendant satisfies the performance prong, he must then meet the "prejudice prong" of ***Strickland***. This requires the defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Emezuo v. United States,*** **357 F.3d 703, 707-08 (7th Cir. 2004),** *citing Strickland,* **466 U.S. at 694.** A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." ***Id.***

### Espinoza's Claims of Ineffective Assistance of Trial Counsel

Espinoza asserts that the two attorneys[1] who served as his trial counsel were ineffective in three main ways: (1) by failing to move to suppress evidence obtained during the search and seizure preceding his arrest; (2) by failing to inform him that the government had filed an information charging a prior offense, failing to correctly inform him of the minimum mandatory sentence he faced, and failing to inform him of the requirements of the safety valve provision; and (3) by failing to argue that his prior deferred adjudication should not be used for sentence enhancement. The Court will consider each assertion in turn.

*Ghidina's Decision Not to Move to Suppress Evidence*

Espinoza argues that his first-appointed trial counsel, Michael Ghidina, was ineffective because he "failed to subject the government's case to meaningful adversarial testing" by choosing not to move for suppression of the evidence found in the truck in which Espinoza was

---

[1]    Espinoza was represented by attorney Michael Ghidina during the early stages of his criminal matter, including Espinoza's change of plea hearing. Shortly after that hearing, on April 4, 2001, Michael Ghidina withdrew as Espinoza's attorney and this Court appointed attorney Susan Gentle as his replacement (*See* Doc. 43 in Case No. 00-CR-30212-MJR). Gentle served as Espinoza's counsel for his sentencing hearing and related matters.

riding leading up to his arrest.

Having reviewed the arguments and evidence presented by both parties on this issue, this Court finds that Espinoza's assertion fails to satisfy the **Strickland** test.  As to the first prong of the **Strickland** test, the Court finds that Ghidina's decision to not move for suppression of the evidence found in the truck was *not* "outside the wide range of professionally competent assistance." **Trevino, 60 F.3d at 338, citing Strickland.**  At Espinoza's § 2255 hearing, Ghidina testified that although suppression motions are fairly common in possession cases, there were several reasons he decided not to file one in this matter, including, but not limited to, the following: (1) Espinoza was not the driver of the vehicle, and almost certainly lacked standing to challenge the search in light of the fact that his co-defendant (the driver) had consented to it; (2) Espinoza had made incriminating statements to officers before the search; and (3) in Ghidina's professional judgment, a suppression argument based on the facts of the underlying matter would otherwise have been unsuccessful.  The record of the underlying matter supports Ghidina's conclusions, and this Court is satisfied that Ghidina's decision to refrain from filing a motion to suppress fell within "a wide range of reasonable trial strategies." **United States v. Lindsay, 157 F.3d 532, 535 (7th Cir. 1998) citing Strickland**.

Because Espinoza has failed to satisfy the performance prong of the **Strickland** test, this Court need not even consider whether the alleged deficient performance so prejudiced Espinoza as to deprive him of a fair trial.  Accordingly, pursuant to **Strickland,** the Court finds that Ghidina's decision not to file a motion to suppress did not constitute ineffective assistance of counsel.

*Ghidina's Alleged Failure to Inform Espinoza of Sentencing Issues*

Espinoza next asserts that Ghidina was ineffective for failing to correctly inform him

8

of three issues pertinent to his sentencing: (1) that the government had filed an information charging a prior offense, (2) the minimum mandatory sentence he faced, and (3) the requirements of the safety valve provision. Espinoza argues that if had known this information he would not have plead guilty.

The Court rejects this argument in its entirety, as Espinoza's own statements at his plea hearing contradict his assertions. During Espinoza's change of plea hearing, the Court asked Espinoza if had received the information charging a prior offense and he responded that he had received the document and talked to his attorney about it. C.P. Tr. at 4. The Court then asked Espinoza if he had gone over this information with his attorney and Espinoza replied that he had. *Id.* Further, this Court informed Espinoza that his penalty might be doubled if the charges in the information were proven. *Id.* at 7. Espinoza told the Court that he understood the potential penalties and affirmed that he had gone over the information with counsel. *Id.*

Moreover, through a sworn affidavit, and at Espinoza's § 2255 hearing, Ghidina confirmed what Espinoza himself had stated at his plea hearing – that he had informed Espinoza of the safety valve requirements and the minimum mandatory sentence that he would face and that Espinoza had indicated to him that he understood these requirements. (Doc. 14, Attachment # 1, *Affidavit of Michael Ghidina*). This Court finds the sworn statements and in-person testimony of Michael Ghidina to be more credible than Espinoza's claims, which are inconsistent and, in some instances, directly contradicted by Espinoza's own statements. In light of this information and these circumstances, the Court finds that Ghidina's performance did *not* fall "outside the wide range of professionally competent assistance." ***Trevino,*** **60 F.3d at 338, citing** ***Strickland.***

Even so, the Court further notes that these alleged deficiencies would nonetheless fail to satisfy the ***Strickland*** prejudice prong. According to the Seventh Circuit, a "failure to accurately

inform a defendant about the [minimum mandatory sentence] is harmless error if the defendant's [total] sentence is within the maximum sentence made known to the defendant at the time he entered his plea." *McCleese v. United States,* **75 F.3d 1174, 1180 (7th Cir. 1996).**

As mentioned, before accepting Espinoza's plea, this Court clearly informed Espinoza of the maximum penalties that he would face both with and without a sentence enhancement. C.P. Tr. at 6-7.  This Court specifically told Espinoza that, with an enhancement, "the penalties are not less than 20 years and not more than life imprisonment ...." *Id.* at 7.  When asked by this Court if he understood that "as the potential penalties in [his] case," Espinoza replied "Yes, sir." *Id.* at 7, lns. 15-20.  This Court ultimately sentenced Espinoza to the lowest end of the range of which Espinoza had been made aware, 240 months.  Accordingly, pursuant to *McCleese***,** Ghidina's alleged failure to correctly inform Espinoza of certain sentencing issues cannot be said to have impacted Espinoza's decision to plea guilty, and therefore fails the *Strickland* prejudice prong as well.

*Ghidina's and Gentle's Failure to Argue that Espinoza's Deferred Adjudication was Not a Conviction*

Espinoza's final argument that his trial counsel was ineffective is that Ghidina and Susan Gentle failed to argue that Espinoza's prior offense, for which Espinoza received probation and deferred adjudication, was not a prior conviction and therefore should not be used for sentencing enhancement.  Specifically, Espinoza alleges that Ghidina and Gentle failed to investigate the law and facts concerning the alleged prior felony.  Like Espinoza's previous assertions, however, this argument also fails the *Strickland* test.

As to the *Strickland* performance prong, the record of Espinoza's change of plea hearing reveals that attorney Michael Ghidina specifically preserved this issue for appeal. Speaking

10

on this issue, Ghidina stated "[I]n no way is Espinoza affirming ... that conviction ... we're denying that conviction and will be filing a written response as to that." C.P. Tr. 21.  Further, at the § 2255 hearing, Ghidina testified that he knew the prior offense was "the crux of [Espinoza's] problem."

However, Ghidina further stated that although he contacted a Texas-based attorney and received a copy of the relevant statute, he never actually determined whether the offense could be used to enhance Espinoza's  sentence – or possibly be expunged – before turning his file over to Susan Gentle. Ghidina did not request a continuance to further investigate this issue, nor did he file the objection of which he spoke at Espinoza's change of plea hearing, before he subsequently withdrew as counsel for Espinoza.

Upon taking over as counsel for Espinoza, Susan Gentle testified at the § 2255 hearing, she spoke with Ghidina and reviewed the record of the case leading up to her representation.  Gentle testified that although she believed she had discussions with Ghidina concerning Espinoza's prior offense, and quite possibly looked at copies of files regarding that offense, she did not independently investigate the issue.  Instead, Gentle relied on "the information contained in the Presentence Investigation Report ... [to] determine there was little reason to challenge the conviction, as the report confirmed the offense was a classified conviction for purposes of sentence enhancement" (Doc. 14, Attachment # 2, *Affidavit of Susan Gentle*).

Having reviewed these facts, this Court cannot say with absolute confidence that Ghidina and Gentle's conduct fell within "the wide range of professionally competent assistance." **Trevino, 60 F.3d at 338, citing Strickland.**  In considering this issue, this Court notes that the possibility of expunction of Espinoza's prior offense seems to have remained relatively unexplored. In light of the fact that the offense effectively *doubled* Espinoza's minimum mandatory sentence,

11

it seems that Ghidina and Gentle's failure to *thoroughly* investigate the offense borders upon ineffectiveness assistance of counsel.

Nevertheless, this Court need not determine conclusively whether Ghidina and Gentle's conduct regarding this issue satisfied the ***Strickland*** performance prong, for it is clear to this Court that their allegedly deficient conduct does not meet the ***Strickland*** prejudice prong.

Following Espinoza's § 2255 hearing, this Court ordered Espinoza's counsel to provide it with the details of the prior offense and to determine whether the offense could have been expunged.  On January 31, 2006, counsel for Espinoza provided the Court with that information in Espinoza's "Jurisdictional Memorandum" (Doc. 26).  Therein, counsel for Espinoza reports that Espinoza's prior offense, a violation of Texas Statute **481.115(c)** for Possession of a Controlled Substance, was a Class C felony under Texas law and constituted a final conviction.  Counsel for Espinoza further concludes that, pursuant to Chapter 55 of the Texas Code of Criminal Procedure, "expunction of [Espinoza's] prior Texas state conviction was not possible...." (Doc. 26, p. 3).  Consequently, this Court cannot find "a reasonable probability that, but for [Ghidina and Gentle's alleged] unprofessional errors, the result of the proceeding would have been different."  ***Emezuo v. United States,*** **357 F.3d 703, 707-08 (7th Cir. 2004),** *citing Strickland,* **466 U.S. at 694.**  Even if Ghidina and Gentle had thoroughly investigated the prior conviction, the conviction could not have been expunged, and they could not have prevented it from being used to enhance Espinoza's sentence.  Accordingly, Espinoza's argument on this point fails to satisfy the ***Strickland*** prejudice prong, and therefore does not establish a valid claim of ineffective assistance of counsel.

### *Espinoza's Claims of Ineffective Assistance of Appellate Counsel*

Espinoza asserts that his appellate counsel[2] was ineffective in two main ways: (1) by failing to move for suppression of the evidence obtained in the traffic stop, and (2) failing to appeal the determination that his prior offense was a conviction for sentencing purposes.

As this Court has already point out, however, when Espinoza entered his guilty plea, he did not preserve his Fourth Amendment claim, and therefore waived his right to directly appeal that issue. *See* **FEDERAL RULE OF CRIMINAL PROCEDURE 11.**  Espinoza's appellate counsel cannot be deemed ineffective for choosing not to raise an effectively unappealable issue.

In addition, Espinoza argues that his appellate counsel was ineffective in failing to appeal the determination that his prior offense was a conviction for sentencing purposes.  This argument is without merit.  During sentencing, this Court advised Espinoza that if he wanted to challenge the prior offense, he had to do so before sentencing. *Sentencing Transcript* at 153.  Espinoza stated that he understood and affirmed the prior offense. *Id.*  In doing so, Espinoza waived his right to direct appeal of that issue.  Accordingly, as was the case with the Fourth Amendment issue, Espinoza's counsel cannot be faulted for choosing not to raise this issue on direct appeal.  Moreover, as mentioned, any failure to explore the prior conviction issue still cannot be considered prejudicial under *Strickland.*

### D. Conclusion

Espinoza has not established "egregious deficiency" in any of his lawyers' representation, and he has not established that, but for such deficient representation, this matter "would have turned out differently." *United States v. Draves,* **103 F.3d 1328, 1335 (7th Cir.),** *cert. denied,* **521 U.S. 1127 (1997).**

_____

[2]        Attorney Daniel L. Mohs served as appellate counsel for Espinoza.

In other words, Espinoza has satisfied nether the performance prong nor the prejudice prong

of ***Strickland,*** and otherwise has failed to show that he is entitled to relief under **28 U.S.C. § 2255.**

For all these reasons, the Court **DENIES** Espinoza's § 2255 petition.

**IT IS SO ORDERED.**

**DATED this 5th day of June, 2006.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

14